Donald S. Burris (SBN 68523)
BURRIS & SCHOENBERG, LLP
12121 Wilshire Boulevard
Suite 504
Los Angeles, CA 90025
Tel: (310) 442-5559
Fax: (310) 442-0353
don@bslaw.net

Eugene Y. Turin (*pro hac vice to be filed*)
McGuire Law, P.C.
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002 Ex. 3
Fax: 312-275-7895
eturin@mcgpc.com

*Counsel for Plaintiff and the Putative Class Members*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY O'RIORDAN, individually and on behalf of similarly situated individuals<br><br>Plaintiff,<br><br>v.<br><br>HYUNDAI MOTOR AMERICA, a California corporation,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**1. Violation of the Magnusson-Moss Warranty Act**<br>**2. Breach of Express Warranty**<br>**3. Violation of State Consumer Protection Laws**<br>**4. Unjust Enrichment**<br><br>DEMAND FOR JURY TRIAL |

**CLASS ACTION COMPLAINT**

Plaintiff Mary O'Riordan bring this Class Action Complaint against Defendant, Hyundai Motor America ("Hyundai" or "Defendant") on behalf of a class of other individuals who purchased Hyundai's vehicles that had a serious defect in the vehicle's wheels that resulted in unsightly discoloration, delamination, and peeling of the wheel surface. Despite knowledge of this defect,

Defendant has failed to acknowledge its existence and provide a remedy to its customers. For her class action complaint, Plaintiff alleges as follows based on personal knowledge as to herself and her own acts and experiences, and as to all other matters, on information and belief, including an investigation by her attorneys.

## NATURE OF THE CASE

1. This case concerns Hyundai's manufacturing and sale of vehicles that had severely defective wheels. The defect on the vehicles at issue caused the wheel surface to delaminate and peel, resulting in an unsightly appearance and affects vehicle value. Defendant has failed to disclose that the defect existed at the time the vehicles were sold and has since refused to repair the defective wheels.

2. Like the other members of the putative Class, Plaintiff purchased a Hyundai vehicle with the wheel defect. After just three years of ownership, Plantiff observed significant damage to the wheels on her vehicle as a result of the wheel defect and contacted one of Defendant's dealerships to have the defect repaired. However, consistent with Defendant's common practice for the vehicles with the wheel defect at issue, Plaintiff was declined any relief, even though Defendant was aware of the problem through numerous other identical complaints by vehicle owners.

3. Defendant's conduct in manufacturing and selling vehicles with defective wheels and refusing to repair the defect when presented with the problem is deceptive, misleading, and in violation of its own express warranty, and Plaintiff and other consumers have suffered injury-in-fact as a result of Defendant's conduct.

4. As such, Plaintiff Mary O'Riordan, individually and on behalf of all others similarly situated, brings this Class Action Complaint as a result of the

unlawful and deceptive actions of Defendant with respect to the defective wheels it provided on its vehicles.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because this is a class action, as defined by 28 U.S.C. § 1332(d)(1)(B), in which a member of the putative class is a citizen of a different state than Defendant, and the amount in controversy exceeds the sum or value of $5,000,000, excluding interest and costs. *See* 28 U.S.C. § 1332(d)(2).

6. This Court has personal jurisdiction over Defendant and venue is proper in this Court because Defendant is incorporated and maintains its headquarters in this District.

## PARTIES

7. Plaintiff is a resident of New York.

8. Defendant Hyundai Motor America is a California corporation, with its principal place of business located in Fountain Valley, California. Defendant designs manufactures, markets, distributes, services, repairs, sells, and leases passenger vehicles, including the vehicles at issue in this suit, throughout the United States, including in this District. Defendant is the warrantor and distributor and/or seller of the vehicles purchased by Plaintiff and the other members of the Class in the United States.

## COMMON FACTUAL ALLEGATIONS

9. Hyundai is one of the largest manufacturers of vehicles in the United States, selling over 600,000 vehicles in the United States annualy.

10. Unlike tires, batteries, and engine oil, which need regular replacement, in modern vehicles the wheels are expected to remain in their original condition for the lifetime of the vehicle such that absent abuse a vehicle owner

reasonably would not expect to have to replace or repair them during the ownership of the car.

11. Hyundai, however, has manufactured, marketed, distributed, and sold its vehicles with defective wheels that leave vehicle owners with a vehicle whose wheels look unsightly as a result of large patches of the wheel surface peeling off.

12. The circumstances causing Hyundai's vehicles to have the wheel surface peel off is attributable to a defect that existed at the time of the original factory manufacture and appears to be caused by a defect that prevents the protective surface coating on the wheel from properly adhering to the underlying metal.

13. Due to its nature, however, the defect is a latent one that could not have been reasonably discovered by a consumer when purchasing the vehicle. Instead, consumers are first made aware of the wheel defect after they have taken delivery of the vehicle and the wheel surface begins to disintegrage over the course of their ownership of the vehicle.

14. This wheel defect is present across multiple models of vehicles manufactured and sold by Hyundai, including specifically 2017 and newer Hyundai Santa Fe minivans and 2017 and newer Hyundai Veloster vehicles.

15. The wheel defect on Hyundai's Santa Fe, Veloster, and other vehicles, is widespread. Indeed even a cursory Internet search reveals dozens of comments and complaints which detail consumers' common experiences with Hyundai's defective wheels. For example, on June 14, 2019, a user on "Veloster.org" posted a the following message and accompanying photograph regarding their Hyundai Veloster:

> These are the B-Type rims that Hyundai sells with the 2019 R-Spec in the US and the performance package in Canada. The car is about 10

months old and they've never seen snow or salt or anything of that sort (I run a dedicated set of winter rims). Today I noticed that on two of the rims the clear coat finish is starting to delaminate. Anyone else seeing this?[1]



16. A number of other users responding to the original post reported their own issues with their Hyundai Veloster wheels suffering from the same wheel defect despite having owned their vehicle for less than a year.

17. However, the wheel defect is not limited to just Hyundai's Veloster vehicles, and affects a number of other Hyundai vehicles as well, as evidenced by the below user's online comment regarding their 2020 Hyundai Santa Fe:

> I have a 2020 Santa Fe with slightly over 6K miles & garaged... just noticed that the front, driver's side wheel is peeling in several spots. It kinda looks like plastic film that you would see when you get a new

---

[1] www.veloster.org/threads/clear-coat-delaminating-on-rim.89620/.

appliance; I've never seen that before with other vehicles and the other 3 wheels are fine.[2]



18.  The posts quoted above are just a small sampling of the dozens of consumer complaints on forums and online websites where owners of Hyundai vehicles have voiced complaints about their defective wheels over a span of multiple years, going as far back as 2017 and including prior to Plaintiff's purchase of her vehicle.

19.  Despite its knowledge, Hyundai failed to make any disclosure about this wheel defect to unsuspecting consumers purchasing its vehicles and has failed to provide any remedy to consumers whose vehicles have manifested the defect.

**FACTUAL ALLEGATIONS WITH RESPECT TO PLAINTIFF**

20.  Hyundai heavily advertises that its vehicles come with "America's Best Warranty" including a 5-year/60,000-Mile new vehicle warranty.[3]

---

[2] www.hyundaiforum.com/forum/hyundai-santa-fe-20/2020-santa-fe-wheel-peeling-18987/.
[3] www.hyundaiusa.com/us/en/assurance/america-best-warranty.

21. Plaintiff was aware of Hyundai's new vehicle warranty and relied on Hyundai's representations that it would provide coverage for any defects that might arise within the warranty period given that it was advertised as "America's Best" warranty when she chose to purchase a new 2017 Hyundai Veloster in June 2018 from City World Hyundai, in Bronx, New York.

22. Just three years later, and with just 52,000 miles on her vehicle, in May 2021, Plaintiff noticed that the wheel surface on her Hyundai Veloster began to peel as pictured below.



23. After noticing the wheel defect on her vehicle, in June 2021 Plaintiff visited the dealership where she purchased the vehicle on two separate occasions to request that they fix the defect under warranty. On both occasions the dealership did not offer any remedy or relief to Plaintiff and did not agree to fix the defect even though Plaintiff's vehicle was still within the 5-year/60,000 mile new vehicle warranty.

24. Critically, at the time that Plaintiff complained about the wheel defect to the dealership and requested a warranty repair, Hyundai and its authorized, Hyundai brand dealers already knew, but did not disclose to Plaintiff or other purchasers of its vehicles that there was a latent defect or problem with the surface finish of the wheels on its vehicles that caused the same exact issue that Plaintiff was experiencing. Hyundai has instead denied responsibility for the wheel defect

that Plaintiff and the other putative Class members have experienced on their vehicles.

25. The wheel defect experienced by Plaintiff and the other putative Class members who purchased Hyundai's vehicles did not conform to industry standards as the wheel surfaces on a vehicle are typically expected to last for the lifetime of the vehicle. The longevity of the wheels on Plaintiff's and the other putative Class members' vehicles, along with the other exterior surfaces of the vehicle, were a basis of the bargain for their purchases of Hyundai's vehicles, and Plaintiff and the other Class members would not have purchased Hyundai's vehicles at the prices that they paid had they known that the wheels on their vehicles would degrade and peel.

26. Furthermore, Plaintiff and the other putative class members reasonably expected that such a defect would be covered by Hyundai's "America's Best" warranty that provides a "5-year/60,000" mile "New Vehicle" warranty that "covers repair or replacement of any component manufactured or originally installed by Hyundai that is defective in material or factory workmanship, under normal use and maintenance."[4] Had Plaintiff and the other putative Class members known that Hyundai would deny warranty claims made within the "New Vehicle" warranty period they would not have purchased Hyundai's vehicles at the prices that they paid.

## CLASS ALLEGATIONS

27. Plaintiff brings this action on her own behalf and on behalf of a nationwide class (the "Class") defined as follows: All persons who, within the applicable statute of limitations, and as shown by Defendant's records, purchased a new or used Hyundai brand vehicle that exhibited degradation of the wheel surface

---

[4] https://www.hyundaiusa.com/us/en/assurance/america-best-warranty.

within the new vehicle warranty period.

28.  Plaintiff will fairly and adequately represent and protect the interests of the other Class members. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other Class members, and have the financial resources to do so. Neither Plaintiff nor her counsel have any interest adverse to those of the other members of the Class.

29.  Absent a class action, most Class members would find the cost of litigating their claims to be prohibitive and would have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

30.  Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the Class members, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members, and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

31.  The factual and legal bases of Defendant's liability to Plaintiff and to the other Class members are the same, resulting in injury to the Plaintiff and to all of the other members of the Class. Plaintiff and the other members of the Class have suffered harm and damages as a result of Defendant's unlawful and wrongful conduct.

32.  Upon information and belief, there are hundreds, if not thousands, of Class members such that joinder of all members is impracticable.

33.  There are many questions of law and fact common to the claims of Plaintiff and the other Class members, and those questions predominate over any

questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

(a) Was there a latent defect in the wheels of the Hyundai vehicles purchased by Plaintiff and the other Class members?

(b) Did Hyundai warrant or otherwise represent that its vehicles would be free from the wheel defect experienced by Palintiff and the other Class members?

(c) Did Hyundai knowingly fail to disclose to Plaintiff and the other Class members the existence and cause of the wheel defect they experienced on their vehicles?

(d) Did Hyundai continue to manufacture, market, distribute, supply and sell vehicles with the alleged wheel defect even after becoming aware of such defect?

(e) Did the wheel defect experienced by Plaintiff and the other Class members fall within the "New Vehicle" warranty advertised and provided by Hyundai?

(f) Did Hyundai fail to provide an adequate remedy to Plaintiff and the other Class members for the wheel defect that they experienced on their vehicles?

(g) Are Plaintiff and the other Class members entitled to monetary, restitutionary, and/or injunctive relief or other remedies, and, if so, what should be the nature of such remedies?

## COUNT ONE
**Violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*
(on behalf of Plaintiff and the Class)**

34. Plaintiff hereby incorporates the above allegations by reference as though fully set forth herein.

35. Plaintiff and the other members of the Class are "consumers" within the meaning of 15 U.S. § 2301(3).

36. Defendant is a "supplier" and "warrantor" within the meanings of sections 15 U.S. § 2301(4)–(5).

37. Hyundai's vehicles purchased by the Class are "consumer products" within the meaning of 15 U.S. §2301(1).

38. 15 U.S. §2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with an express written warranty.

39. Plaintiff, as well as the other Class members, contracted with Defendant Hyundai, through Defendant's agents, to purchase its vehicles, and paid significant consideration in the form of the purchase price for the vehicles.

40. Each vehicle purchased by Plaintiff and the other Class members came with Hyundai's "America's Best" 5-year/60,000 mile "new vehicle" express written warranty which provided that Hyundai would "repair or replace[] any component manufactured or originally installed by Hyundai that is defective in material or factory workmanship, under normal use and maintenance."

41. Plaintiff and the other members of the Class purchased vehicles that had wheels that were "defective" in that the wheel surfaces would begin to peel and disintegrate under normal use and maintenance within the new vehicle warranty period.

42. However, Defendant breached its express warranty, as Defendant has failed to provide a remedy to Plaintiff and the other Class members to repair the defective wheels on their vehicles.

43. Plaintiff, as well as numerous other members of the Class, have specifically informed Defendant about its breach of its express warranty and

afforded it a reasonable time to cure its breach. Under the circumstances, any requirement for the other members of the Class to afford Defendant any additional reasonable opportunity to cure its breach of its express warranty should be excused and deemed satisfied.

44. Defendant's breach of warranty deprived Plaintiff and the other members of the Class of the benefit of their bargain, as the quality and durability of their vehicles' wheels, and the appearance of their vehicles over their lifetime, was material to their decision to purchase the vehicle. Furthermore, Plaintiff and the other members of the Class purchased Hyundai's vehicles with the reasonable expectation that any defects such as the wheel defect they experienced would be covered and repaired under Hyundai's new vehicle warranty which thus also formed the basis of the bargain with Hyundai.

45. As a proximate and foreseeable result of Defendant's breach, Plaintiff and the other members of the Class have and/or will sustain damages and loss. These damages include, but are not limited to: the loss of value of the vehicle as a result of the wheel defect; expectation damages for Plaintiff and members of the Class a because they did not obtain the benefit of the bargain they struck with Defendant; and any further damages that Plaintiff and the other members of the Class have or will incur in order to remedy the wheel defect.

46. The amount in controversy of Plaintiff's individual claims meets or exceeds the sum or value of $25. In addition, the amount in controversy meets or exceeds the sum or value of $50,000 (exclusive of interest and costs) computed on the basis of all claims to be determined in this suit.

## COUNT TWO
**Violation of Consumer Protection Laws**
**(on behalf of Plaintiff and the Class)**

47. Plaintiff hereby incorporates the above allegations by reference as

though fully set forth herein.

48. The New York Deceptive Acts and Practices Act, NYGBL § 349, as well as other materially identical consumer fraud statutes enacted by states throughout the country, prohibit deceptive acts and practices in the sale of products such as Defendant's vehicles.

49. Defendant manufactured, marketed, and sold vehicles purchased by Plaintiff and the other members of the Class that contained a latent defect or defects in the vehicles' wheels which caused the wheel surface to delaminate, peel, and otherwise become damaged shortly after their purchase of the vehicle.

50. Defendant had superior knowledge of the wheel defect that existed and still exists on the vehicles purchased by Plaintiff and the other Class members, given that Defendant designed and manufactured, or directed the manufacturing, of the wheels that were installed on their vehicles, and given that Defendant was aware of a significant number of customer complaints over an extended period of time regarding the wheel defect, including complaints prior to the sale of the vehicle purchased by Plaintiff. As such, Defendant had a duty to disclose to Plaintiff and the members of the Class any material information involving the existence and extent of the wheel defect.

51. However, Defendant intentionally concealed, misrepresented and/or omitted material facts from Plaintiff and the members of the Class about the defect in the wheels of their vehicles in an effort to induce Plaintiff and the members of the Class to purchase the vehicles at a higher price than Plaintiff and the members of the Class would have otherwise paid had the defect been properly and appropriately disclosed.

52. Furthermore, Defendant advertised that the vehicles purchased by Plaintiff and the other members of the Class would come with a 5-year/60,000 mile

"America's Best" warranty that would provide for the "repair or replacement of any component manufactured or originally installed by Hyundai that is defective in material or factory workmanship, under normal use and maintenance."

53. However, Defendant has failed to honor its express warranty and has not repaired or replaced Plaintiff's and the other Class Members' defective wheels, has not acknowledged the wheel defect, and has not implemented any other remedy including offering any compensation.

54. Defendant's conduct is in violation of NYGBL § 349 and other states' consumer protection laws, and pursuant to NYGBL § 349 and other such states' consumer protection laws, Plaintiff and the other members of the Class are entitled to damages in an amount to be proven at trial, reasonable attorney's fees, injunctive relief prohibiting Defendant's unfair and deceptive practices going forward, and any other penalties or awards that may be appropriate under applicable law.

## COUNT THREE
### Breach of Express Warranty
### (on behalf of Plaintiff and the Class)

55. Plaintiff hereby incorporates the above allegations by reference as though fully set forth herein.

56. At the time Plaintiff purchased her Hyundai vehicle in June 2018, Plaintiff received certain express warranties from Hyundai, including a 5-year/60,000 mile "new vehicle" warranty that promised to "repair or replace[] any component manufactured or originally installed by Hyundai that is defective in material or factory workmanship, under normal use and maintenance."

57. This warranty was part of the basis of the bargain between Hyundai and Plaintiff and the other members of the Class.

58. Despite its knowledge of the wheel defect that Plaintiff and the other

members of the Class experienced, Defendant did not honor its express warranty, and did not repair the defect in Plaintiff's vehicle, or the vehicles of the other Class members.

59. Defendant has been provided notice of the wheel defect in the vehicles purchased by Plaintiff and the other Class members through numerous complaints made to it directly and through public postings, through Plaintiff's commencement of this litigation and multiple visits to, and requests for repair at, the Hyundai dealership where she purchased the vehicle, and, on information and belief, internal knowledge based on testing and internal analysis.

60. Defendant has failed to honor its express warranty, resulting in damage to Plaintiff and the other members of the Class in an amount to be determined at trial.

## COUNT FOUR
### Unjust Enrichment
### (on behalf of Plaintiff and the Class)

61. Plaintiff hereby incorporates the above allegations by reference as though fully set forth herein.

62. Defendant knew of the wheel defect affecting Plaintiff's and the other Class Members' vehicles at the time the vehicles were distributed to its dealerships and sold to Plaintiff and the other Class members.

63. Despite having knowledge of the defect, Defendant failed to disclose the existence of the defect to Plaintiff and the other Class members at or prior to the time of the sale of the vehicles and has failed to conduct any product recall or otherwise notify purchasers or potential purchasers of the defect.

64. Furthermore, Plaintiff and the other members of the Class purchased Defendant's vehicles in part based on Defendant's representations regarding the quality and extent of its "new vehicle" warranty and its coverage for any defects in

the vehicles they purchased.

65. Defendant accepted and retained non-gratuitous benefits conferred by Plaintiff and the other Class members, who, without knowledge of the wheel defect and that Defendant's warranty would not provide coverage to repair it, paid a higher price for their vehicles than their actual lower value. Plaintiff and the other Class members did not confer these benefits gratuitously, and it would be inequitable and unjust for Defendant to retain these wrongfully-obtained profits.

66. Plaintiff and the other Class members are therefor entitled to restitution in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and the Class, prays for the following relief:

1. An order certifying the Class as defined above;
2. A declaration that Defendant breached its express warranty, both through Magnusson-Moss and through common law, to Plaintiff and the Class members;
3. Notification to all Class members about the wheel defect;
4. An award to Plaintiff and the Class of actual, compensatory, and punitive damages, as proven at trial;
5. Restitution and/or disgorgement from Defendant in an amount to be determined at trial;
4. An award of her attorneys' fees and costs;
6. An injunction barring Defendant from continuing to distribute, supply, market, and sell its defective vehicles until Defendant has remedied the defects complained of; and
7. Such further and other relief the Court deems reasonable and just.

# JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

DATED: July ___, 2021

Respectfully submitted,

MARY O'RIORDAN, individually and on behalf of similarly situated individuals

By: /s/ _____

Donald S. Burris (SBN 68523)
BURRIS & SCHOENBERG, LLP
12121 Wilshire Boulevard
Suite 800
Los Angeles, CA 90025
Tel: (310) 442-5559
Fax: (310) 442-0353
don@bslaw.net

Eugene Y. Turin
(*pro hac vice* to be filed)
MCGUIRE LAW, P.C.
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002 Ex. 3
Fax: 312-275-7895
eturin@mcgpc.com

*Counsel for Plaintiff and the Putative Class Members*